UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TOMMY KIRTDOLL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:17-cv-04585-WTL-MPB |
| | ) |
| LISA BERGESON (Health Services Administrator), | ) |
| LAWRENCE Nurse, | ) |
| TINA COLLINS Nurse, | ) |
| RICHEY Nurse, | ) |
| MAXEY Nurse, | ) |
| | ) |
| Defendants. | ) |

**Entry Screening Complaint,
Dismissing Insufficient Claim,
and Directing Issuance and Service of Process**

Plaintiff Tommy Kirtdoll, an Indiana inmate incarcerated at the Correctional Industrial Facility, filed this 42 U.S.C. § 1983 action on December 12, 2017. *In forma pauperis* was granted, and the initial partial filing fee has been paid. The complaint is now ready for screening.

**I. Screening of the Complaint**

A. Legal Standard

Because plaintiff is a prisoner, the complaint is subject to the screening requirements of 28 U.S.C. § 1915A. This statute directs that the court shall dismiss a complaint or any claim within a complaint which "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* To satisfy the notice-pleading standard of Rule 8 of the Federal Rules of Civil Procedure, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief," which is sufficient to provide the defendant with "fair notice" of the claim and its basis. *Erickson*

*v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)); *see also Wade v. Hopper,* 993 F.2d 1246, 1249 (7th Cir. 1993) (noting that the main purpose of Rule 8 is rooted in fair notice: a complaint "must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so what it is.") (quotation omitted)). The complaint "must actually suggest that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level." *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs.*, 536 F.3d 663, 668 (7th Cir. 2008) (quoting *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008)). The Court construes pro se pleadings liberally, and holds pro se pleadings to less stringent standards than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

B. Plaintiff's Claims

Mr. Kirtdoll asserts that beginning on March 8, 2017, he requested medical care for severe pain in his knee and asked for a doctor. He asserts that for several months defendants Lisa Bergeson, Nurse Lawrence, and Nurse Tina Collins have refused to treat his knee pain or send him to a specialist to determine its cause. He also contends the same three defendants and Nurse Maxey have refused to provide emergency medical attention for his internal and intestinal bleeding, with blood in his stool. He fears he is "bleeding out." Mr. Kirtdoll asserts defendants' conduct is deliberately indifferent to his serious medical needs and violates his Eighth Amendment rights.

C. Analysis

Pursuant to the Eighth Amendment, prison officials have a duty to provide humane conditions of confinement. They must take reasonable measures to guarantee, among other things, constitutionally adequate medical care. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Under the

liberal construction given to the *pro se* complaint, Mr. Kirtdoll's Eighth Amendment claim **shall proceed** as plead against defendants Lisa Bergeson, Nurse Lawrence, Nurse Tina Collins, and Nurse Maxey.

Defendant Nurse Richey is named in the caption but otherwise not mentioned in the complaint. "Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed." *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974).

## II. Issuance and Service of Process

The **clerk is designated** pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to defendants Lisa Bergeson, Nurse Lawrence, Nurse Tina Collins, and Nurse Maxey in the manner specified by Rule 4(d). Process shall consist of the complaint, Dkt. No. 1, applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

## III. Other Claims or Defendants

The Court has identified the only viable claims and defendants appearing in the complaint. Should Mr. Kirtdoll believe the Court has overlooked claims or defendants, he shall have **through February 20, 2018**, in which to notify the Court of such claims and/or defendants.

## IV. Obligation to Update Address

The Court must be able to communicate with *pro se* parties through the United States mail. Plaintiff is under a continuing obligation to report any change of address to the Court, in writing, within ten days of any change. The failure to keep the Court informed of a current mailing address may result in the dismissal of this action for failure to comply with Court orders and failure to prosecute.

Finally, the **clerk is directed** to send a courtesy copy of this Entry to attorney Douglas Bitner, counsel for Wexford Medical Services. The **clerk is also directed** to terminate from the docket defendant Nurse Richey.

**IT IS SO ORDERED**.

Date: 1/24/18

*William T Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Tommy Kirtdoll
207089
Correctional Industrial Facility
Inmate Mail/Parcels
5124 West Reformatory Road
Pendleton, IN 46064

Lisa Bergeson
Health Services Administrator
Correctional Industrial Facility
5124 West Reformatory Road
Pendleton, IN 46064

Nurse Lawrence
Health Care Provider
Correctional Industrial Facility
5124 West Reformatory Road
Pendleton, IN 46064

Nurse Tina Collins
Health care Provider
Correctional Industrial Facility
5124 West Reformatory Road
Pendleton, IN 46064

Nurse Maxey
Health Care Provider
Correctional Industrial Facility
5124 West Reformatory Road
Pendleton, IN 46064

Courtesy Copy to:
   Douglass R. Bitner
   Katz Korin Cunningham, P.C.
   The Emelie Building
   334 North Senate Avenue
   dbitner@kkclegal.com